Harrison v. McCabe.

T. W. HARRISON v. A. J. McCABE, *Judge of the Court of Topeka, in Shawnee County, Kansas,* E. L. GOOD, *Clerk of the said Court of Topeka,* AND J. V. ABRAHAMS.

No. 824.* (63 Pac. 277.)

1. PRACTICE, *District Court—Mandamus—Approval of Appeal Bond.* An action of mandamus will not lie to compel an inferior court to approve an appeal bond that materially misdescribes a judgment from which the appeal is sought to be taken.

2. ——— *Defective Appeal Bond—Misdescription of Judgment.* Where an appeal bond reciting a judgment materially different from the judgment actually rendered was presented to the trial court, and the party presenting the same was given a reasonable opportunity to file a bond properly describing the judgment therein, but refused to do so, mandamus will not lie to compel the granting of an appeal upon such defective bond.

3. ——— *Amendment of Bond—Jurisdiction of Appellate Court.* The district court, upon the trial of the issues in the proceeding in mandamus, was without authority to permit the filing of a good and sufficient bond in that court as a basis for an order of mandamus in an action pending. It is only where an appeal has been perfected upon an imperfect or informal bond, and after the appellate court acquires jurisdiction, that an amended or sufficient bond may be substituted.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed January 1, 1901. Affirmed.

*T. W. Harrison,* for plaintiff in error.

*John V. Abrahams, J. B. Larimer, F. H. Foster,* and *L. H. Greenwood,* for defendants in error.

The opinion of the court was delivered by

WELLS, J.: This is a proceeding originally instituted in the district court of Shawnee county to compel A. J. McCabe, judge, and E. L. Good, clerk, of the

*Petition for order to certify denied by supreme court January 12, 1901.—REP.

court of Topeka, to certify to said district court for
trial the case of John V. Abrahams *v.* T. W. Harrison,
then in judgment in said court of Topeka.    Upon the
issues therein formulated a trial was had and the per-
emptory writ denied.    This judgment is brought here
for review.

John V. Abrahams, as assignee of Margaret A. Shaf-
fer, brought suit in the city court of Topeka against
T. W. Harrison for the use and occupation of certain
real estate in said county.    Harrison attempted to
make one Harvey Henderson, executor, and others
parties to said suit, but his motion therefor was denied,
and the case was tried and judgment rendered in favor
of John V. Abrahams and against T. W. Harrison.
From the judgment so rendered an appeal was sought
to be taken.    Upon the forenoon of the last day upon
which an appeal bond could be filed Harrison presented
to the judge and clerk, who were then engaged in
other business, what purported to be an appeal bond
in the case, and they, without examining it further
than to see that the amount was sufficient and the
security good, signed their names to the approval
thereof.    In the afternoon of the same day they ex-
amined the bond more fully, and found that it pur-
ported to be an appeal from a judgment rendered by
said court against T. W. Harrison and Harvey Hen-
derson, executor.    Harrison was notified that the
bond was defective and was requested to file a correct
bond, which he declined to do, and threatened man-
damus proceedings if the appeal was not allowed on
the bond already filed, and thereafter this proceeding
was instituted.

It does not seem to us that the plaintiff in error has
any just ground for complaint.    The bond he filed did
not purport to be an effort to appeal from the judg-

ment rendered against him in the case pending. He was given ample opportunity to save his appeal if he desired to do so, but this he refused. It is quite probable that, if his attention had not been called to the error and no opportunity had been given him to rectify it, the court would have allowed a new bond to be filed and the appeal to proceed; but after the opportunity had been offered and refused in the court charged with the duty of seeing that the provisions of the statute were substantially complied with, he stood squarely upon the sufficiency of the bond relied on and must stand or fall with that alone.

The judgment of the district court is affirmed.